FILED
06/09/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 1, 2022

**IN RE JAYCE S.**

**Appeal from the Chancery Court for Grainger County**
**No. 2019CH20      Telford E. Forgety, Jr., Chancellor**

_____

**No. E2020-01573-COA-R3-PT**

_____

Father appeals from a trial court's termination of his parental rights. Due to the lack of a sufficiently complete record on appeal, we vacate the trial court's judgment and remand the matter for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Jordan Long, Tazewell, Tennessee, for the appellant, Jason S.

Pepper Bowser, Rutledge, Tennessee, for the appellees, Earnest H. and Pepper H.

**MEMORANDUM OPINION**[1]

**BACKGROUND AND PROCEDURAL HISTORY**

Jason S. ("Father") and Shanna H. ("Mother") are the parents of one minor child, Jayce S. ("Child").[2] By way of an order from the Knox County Juvenile Court dated May

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] This Court has a policy of protecting identities in termination of parental rights cases by initializing the names of certain persons mentioned in the opinion.

2, 2017, the Department of Children's Services removed Child from the parents' home and placed him with Earnest H. and Pepper H. (referred to collectively as "Grandparents"). This same order found there to be probable cause that Child was dependent and neglected pursuant to Tennessee Code Annotated section 37-1-102(b). On April 10, 2019, Grandparents filed a "Petition for Adoption" concerning Child. In this same petition, Grandparents sought to terminate the parents' parental rights. Grandparents' petition was heard on July 9, 2020, and in an order entered October 26, 2020, the trial court terminated Father's parental rights.[3] This appeal followed.

## DISCUSSION

"[A] parent has a fundamental right to the care, custody and control of his or her child." *In re A.D.A.*, 84 S.W.3d 592, 596 (Tenn. Ct. App. 2002) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)). However, this right is not absolute, and both "federal and state constitutions require the opportunity for an individualized determination that a parent is either unfit or will cause substantial harm to his or her child before the fundamental right to the care and custody of the child can be taken away." *Id.* (quoting *In re Swanson*, 2 S.W.3d 180, 188 (Tenn. 1999)). Accordingly, "a parent's right to the care, custody, and control of his or her child may be terminated if clear and convincing evidence justifies such termination under the applicable statute." *Id.* (citing *Santosky v. Kramer*, 455 U.S. 745, 769 (1982)).

Before we can address this appeal on its merits, we are compelled to note concerns we have regarding the sufficiency of the appellate record as they relate to our ability to conduct an adequate review on appeal. Specifically, there is no transcript of the termination proceedings in this matter, but rather, merely a statement of the evidence. As discussed below, we do not regard the record that has been transmitted to us to allow adequate appellate review of the important interests at stake. Importantly, "the constitutional implications of a termination proceeding require a record of sufficient completeness to permit proper appellate consideration of the parent's claims." *In re J.M.C.H.*, No. M2002-01097-COA-R3-JV, 2002 WL 31662347, at *4 (Tenn. Ct. App. Nov. 26, 2002).

While the fact that only a statement of the evidence exists does not, by itself, necessarily render the record insufficient for our review on appeal in every case, it is of particular concern in termination of parental rights cases because of the heightened burden of proof required as well as the constitutional implications. Indeed, in *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 WL 1156628 (Tenn. Ct. App. Aug. 16, 2000), this Court "stopped just short of holding that a Statement of the Evidence never will be sufficient for proper appellate review in a parental rights termination case and that a transcript always must be provided." *L.D.N. v. R.B.W.*, No. E2005-02057-COA-R3-PT,

---

[3] In its final order on the matter, the trial court stated that Mother had signed a "Waiver of Parental Rights and Consent for the Adoption to Go Forward Ex Parte" on May 2, 2019.

2006 WL 36975, at *5 (Tenn. Ct. App. Feb. 17, 2006)     Rather, the dispositive question is, as noted above, whether the record is of "sufficient completeness to permit proper appellate consideration." *In re J.M.C.H.*, 2002 WL 31662347, at *4 ("The lack of a transcript or a sufficiently complete statement of the evidence prevents our review of the evidence to determine whether it supports or preponderates against the trial court's findings and prevents our application of the clear and convincing evidence standard."); *see also Mayer v. Chicago*, 404 U.S. 189, 194 (1971) ("A record of sufficient completeness does not translate automatically into a complete verbatim transcript."). It should be noted that, despite the possibility that the absence of a transcript of the proceedings will not automatically render a record incomplete, this Court has previously posited that "a parental rights termination case where a Statement of the Evidence would be sufficient would be **extremely rare**." *L.D.N.*, 2006 WL 36975, at *5 (emphasis added).

Here, in reviewing the statement of the evidence, we conclude that it does not constitute a record of sufficient completeness such as to permit an adequate appellate review of the termination of Father's parental rights. While the statement of the evidence does present certain facts concerning the testimony offered at trial, we conclude that the brief recitation of the facts included is insufficient to overcome the lack of specificity concerning the evidence that the presence of a transcript would rectify. Specifically, we are unable to ascertain from Father's statement of the evidence whether the testimony presented at trial was sufficient to support a finding of clear and convincing evidence.[4] "Only a transcript can reveal to judicial minds other than the Chancellor's the sufficiency, or insufficiency, of the evidence to support his stern judgment." *In re Adoption of J.D.W.*, 2000 WL 1156628, at *4 (quoting *M.L.B. v. S.L.J.*, 519 U.S. 102, 121-22 (1996)). Accordingly, in the absence of a sufficiently complete record, we are without the ability to conduct the type of review required of us in termination of parental rights cases, as "[a] parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one." *Id.* (quoting *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 27 (1981)).

In addition to the lack of a record of sufficient completeness, our review of this matter has also been affected by the length of time in which this appeal has been pending. It is well settled that "[a]ppellate review of parental termination cases is expedited." *In re Carrington H.*, 483 S.W.3d 507, 535 (Tenn. 2016) (citing Tenn. R. App. P. 8A). Here, the notice of appeal was filed on November 20, 2020. Notably, the course of this appeal has seen multiple requests for extensions by Father concerning the adequacy of the statement of evidence and inability to obtain a transcript of the proceedings. Based on these various filings, it appears that there was indeed a court reporter present at the proceedings and that

---

[4] Attached to the statement of the evidence, which was titled by Father as a "Statement of Facts," is a transcript of the trial court's oral findings of fact. However, the transcript of this portion of the trial alone does not alleviate our concerns regarding the lack of a sufficiently complete record of the evidence presented at trial.

- 3 -

efforts had been made to obtain a transcript of the proceedings for purposes of this appeal. Further, it appears that Father was in the process of obtaining funds from the Administrative Office of the Courts in order to pay the court reporter for the transcripts.[5] However, during the pendency of this appeal, the court reporter experienced extensive medical problems that ultimately resulted in her death sometime in December of 2021. Father's counsel made repeated efforts, together with opposing counsel, to locate the court reporter's files on this matter such that the transcript in its entirety could be completed for appellate review. However, despite counsels' efforts, they have been unable to locate or complete the transcript. As of the filing of this Opinion, Father has yet to locate the court reporter's files, and it is unclear whether he will be able to do so, or what length of time it will take to accomplish this, if ever. Due to the ongoing issues concerning the repeated efforts to obtain a transcript or files relating to such, we are concerned with the extensive length of time in which this parental termination matter has been pending. "In parental termination proceedings, the burdens of extended litigation fall most heavily upon children – those most vulnerable and most in need of protection, stability, and expeditious finality." *In re Carrington*, 483 S.W.3d at 533 (citing *Baker v. Marion Cty. Office of Family & Children*, 810 N.E.2d 1035, 1040 (Ind. 2004)). Because we have in this case the apparent inability to timely obtain a sufficiently complete record, we conclude that the judgment terminating Father's parental rights should be vacated and the case remanded to the trial court for a new trial.

### CONCLUSION

Based on the foregoing, we vacate the trial court's order terminating Father's parental rights and remand the case for a new trial.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[5] According to one filing, Father was declared indigent by the trial court.